IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WAYNE BARNSLATER, No. B-39552,**

    **Petitioner,**

**vs.**                                             CIVIL NO. 11-cv-535-DRH

**RANDY DAVIS,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the Pinckneyville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Specifically, petitioner claims his incarceration has been impermissibly lengthened beyond the original term of his sentence, after he violated the terms of his mandatory supervised release (MSR).

    This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the

petition and exhibits in the present case, the Court concludes that because petitioner has not exhausted his state court remedies, he is not entitled to relief at this time, and the petition must be dismissed.

Petitioner pled guilty to two counts of aggravated criminal sexual assault in the Circuit Court of Cook County, and was sentenced on December 22, 1999, to two consecutive six year terms. He was ordered to serve 85% of the twelve year total before becoming eligible for a three-year term of mandatory supervised release (MSR) (Doc. 1, pp. 1, 50).

Petitioner was eventually placed on MSR, although his petition does not clearly state the date of this release. In any event, he was arrested in January 2010 and subsequently found to have violated the terms of his MSR.[1] As a result of the MSR violation, the Prisoner Review Board recommitted petitioner to the Illinois Department of Corrections (IDOC) to serve the remainder of his three-year MSR term. He claims that the IDOC is improperly requiring him to serve the MSR time at the same 85% rate as had been ordered for his original twelve-year sentence (Doc. 1, p. 5). On top of that, petitioner was sentenced to an additional two years for an attempted burglary which he committed while on MSR. It appears that petitioner would be eligible for day-for-day good time on that two-year sentence.

Petitioner complains that the imposition of the additional term of incarceration for the MSR violation has resulted in a sentence that exceeds the twelve years

---

[1] According to information available on the inmate search page of the Illinois Department of Corrections website, http://www.idoc.state.il.us/subsections/search/default.asp, petitioner was returned to custody on January 15, 2010 (site last visited on December 20, 2011).

imposed by the judge on the original conviction for aggravated criminal sexual assault. Petitioner had served 100% of his twelve-year term as of March 9, 2011, but is not scheduled for release until March 24, 2012 (Doc. 1, p. 31). He also challenges the constitutionality of requiring him to serve any period of MSR, because the judge did not include any MSR term in his sentencing order (Doc. 1, p. 6, 50).

Petitioner filed two motions in his criminal case (No. 99-CR-0869103) in the Circuit Court of Cook County on April 8, 2011, seeking clarification of his sentence, discharge of his MSR, and discharge from the IDOC (Doc. 1, pp. 32-37; 38-49). However, he does not indicate the outcome of those motions or whether he appealed any adverse decision. Petitioner then filed the current action with this Court on June 17, 2011.

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for failing to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state

courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

It appears from the instant petition and exhibits that the claims at issue have been presented only to the state circuit court, thus petitioner has not yet exhausted his available state court remedies. Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, without prejudice to petitioner re-filing his habeas petition in federal court, after first exhausting his remedies in the Illinois state courts. All pending motions (Docs. 8 and 9) are **DENIED** as **MOOT**.

### Certificate of Appealability

Petitioner is a state prisoner, but is not challenging his conviction or original judicially-imposed sentence in the present § 2254 petition. Instead, he is challenging the action of the Prisoner Review Board, which revoked his MSR and imposed an additional term of incarceration, and the IDOC's calculation of his eligibility for good time credit. Accordingly, petitioner is not required to obtain a certificate of appealability in the event he wishes to pursue an appeal from this order dismissing his case. *See Walker v. O'Brien*, 216 F.3d 626, 637-39 (7th Cir. 2000) (requirement for a certificate of appealability does not apply to a challenge to "the specific (additional) detention" that results from the action of a non-judicial body such as a prison disciplinary committee or parole board, which are divisions of the executive

branch). *See also Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (no certificate of appealability needed in appeal over revocation of parole by parole board); *Cox v. McBride*, 279 F.3d 492 (7th Cir. 2002) (no certificate of appealability needed in appeal of case challenging loss of good conduct credits).

The Clerk shall **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED: December 21, 2011

David R. Herndon
2011.12.21
12:16:20 -06'00'

**Chief Judge**
**United States District Court**